UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL F. KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-465-TAV-HBG |
| | ) | |
| EVGENY AFANASYEV and | ) | |
| CARRY ON TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

This civil action is before the Court on the Motion for Summary Judgment filed by National Casualty Company [Doc. 10]. After consideration of the record and the relevant law, the Court will grant the motion.

This action, which was originally filed in state court, arises out of a motor vehicle accident between plaintiff Michael F. Knight and defendant Evgeny Afanasyev [Doc. 1]. At the time of the accident, plaintiff was operating a vehicle owned by Western Express, Inc. ("Western Express") [Doc. 11-1 ¶ 5]. National Casualty Company has been sued in this lawsuit as the uninsured motorist carrier pursuant to an insurance policy issued to Western Express [Doc. 1-4].

National Casualty Company filed a motion for summary judgment [Doc. 10]. Because the Court did not receive any response to the motion, it issued a show cause order [Doc. 21]. No response to the show cause order has been filed within the time frame provided by the Court.

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

The Court notes again that it has not received a response to the motion for summary judgment or the order to show cause.[1] Non-response standing alone, however, is not determinative of whether summary judgment is appropriate. *Aquent, LLC v. United*

---

[1] The Court notes that plaintiff filed a notice of voluntary dismissal in state court "ONLY pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure", but it does not appear that an order dismissing National Casualty Company was ever entered [Doc. 1-5 (emphasis in original)].

2

*States*, No. 08-15275, 2011 U.S. Dist. LEXIS 40132, at *1 (E.D. Mich. Apr. 13, 2011) (discussing the former version of Rule 56 and noting that "the non-movant's failure to respond does not relieve the movant of its burden to establish that 'the moving party is entitled to judgment as a matter of law'"). Relevant to a party's failure to respond is Rule 56(e), which provides:

> (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> . . .
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2); 56(e)(3). Accordingly, the Court has examined the motion and supporting materials to determine if summary judgment is appropriate. *See Aquent*, 2011 U.S. Dist. LEXIS 40132, at *1 (taking the same approach with respect to a plaintiff's motion for summary judgment where the sole defendant failed to respond).

National Casualty Company issued Commercial Auto Insurance Policy No. CTO0124409 (the "policy") to Western Express, Inc. [Doc. 11-2 ¶ 6]. The policy was in effect on the date of the accident at issue in this lawsuit [*Id.* ¶ 8]. The policy does not provide for uninsured motorists coverage, as Western Express rejected it [*See generally* Doc. 11-2].

3

Section 56-7-1201 of the Tennessee Code Annotated provides for uninsured motorist coverage:

> Every automobile liability insurance policy delivered, issued for delivery or renewed in this state, covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads and registered or principally garaged in this state, shall include uninsured motorist coverage, subject to provisions filed with and approved by the commissioner, for the protection of persons insured under the policy who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting from injury, sickness or disease.

Tenn. Code Ann. § 56-7-1201(a). There is an exception, however, where an inusred rejects uninsured motorist coverage in writing:

> However, any named insured may reject in writing the uninsured motorist coverage completely or select lower limits of the coverage but not less than the minimum coverage limits in § 55-12-107. Any document signed by the named insured or legal representative that initially rejects the coverage or selects lower limits shall be binding upon every insured to whom the policy applies, and shall be conclusively presumed to become a part of the policy or contract when issued or delivered, regardless of whether physically attached to the policy or contract. Unless the named insured subsequently requests the coverage in writing, the rejected coverage need not be included in or supplemental to any continuation, renewal, reinstatement, or replacement of the policy, or the transfer of vehicles insured under the policy, where the named insured had rejected the coverage in connection with a policy previously issued by the same insurer; provided, that whenever a new application is submitted in connection with any renewal, reinstatement or replacement transaction, this section shall apply in the same manner as when a new policy is being issued.

4

Tenn. Code Ann. § 56-7-1201(a)(2). Given Western Express's rejection of uninsured motorist coverage, the Court finds there is no basis for National Casualty Insurance Company to be included as a defendant in this action.

Accordingly, the Court will **GRANT** the Motion for Summary Judgment filed by National Casualty Company [Doc. 10]. National Casualty Company will be dismissed from this action.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE